## JAMES WRIGHT vs. EDWIN F. FAIRBROTHER.

### Somerset. Opinion December 9, 1888.

*Evidence. Burden of Proof. Gift of claim not within R. S., Chap. 122, Sec. 12.*

A plaintiff, to sustain an action for his professional services expended in carrying on a lawsuit instituted in the defendant's name as plaintiff, has on himself the burden to prove, directly or circumstantially, that the services were rendered by him at the defendant's request, and he is not relieved of that burden by the fact that the defendant undertakes, in the course of the trial, to show that the action really belonged to the plaintiff, who prosecuted it on his own account.

There is no legal impropriety in one person giving to another an account against a third person, which is in dispute and not likely to be enforced except by litigation.

ON EXCEPTIONS, and motion to set aside the verdict and for a new trial, by plaintiff.

The case is stated in the opinion.

*James Wright*, for plaintiff.

*Walton and Walton*, for defendant.

PETERS, C. J. The plaintiff sues the defendant for professional services rendered in prosecuting another suit in defendant's name

as plaintiff. To make out a case, he must show that the profess-ional work was done, and that he was employed by the defendant to do it. It is not enough merely to prove that the work was performed, because it may have been without authority, or may have been upon the employment of some person other than the defendant. The defense was that the plaintiff carried on the suit for his own benefit, on a demand which the defendant gave him, the proceeding having been in defendant's name.

It was not denied that the services were performed by the plaintiff, but whether for himself or for the defendant was the question. To show that they were performed for the defendant, it was proved, and also admitted as well, that the defendant was present at the trial and was a witness. Proving that much, the plaintiff asked a ruling that the burden of proof changed, and was cast upon the defendant to show that the services were not rendered on his account; that is what the request amounted to.

The judge refused, and correctly so, to rule according to this proposition. The point may have had some importance, because each party was his own witness,—man against man. We do not see that the main burden resting on the plaintiff was changed.

In the beginning, and none the less at the end, it was incum-bent on the plaintiff to prove that the defendant was bound to pay for the services. The defendant did not confess a *prima facie* liability by the defense which he set up, but he undertook to weaken the plaintiff's case by his testimony. There being evidence on both sides, it became a question whether plaintiff had on his side the preponderance of evidence.

The plaintiff had, in support of the burden that lay upon him, the benefit of all the inference that arises from the circumstance of the defendant's attendance at the trial, and that may have been proof enough of his contention unless the defendant explained it away. The jury might have regarded it as conclusive. But the court could not as a legal proposition instruct the jury that they must regard the evidence as conclusive unless explained by the defendant.

The burden or weight of evidence might change, but not the technical burden of proof. It would be incumbent on the defend-

ant, as a matter of course, to prove any facts he relied on in defense, before such facts should be taken into consideration, but he was not necessarily shut out from a defense if he failed to do so. And so the judge, though he said the general burden of proof was on the plaintiff, remarked that "if the matter set up in defense was proved, it constituted a valid defense." Certainly, the defendant could not be called upon to disprove what the plaintiff must first prove. The distinction between burden of proof and burden of evidence, in a case like the present, is rather a fine one, and perhaps not very practical, but we think the judge was not in error in the ruling.

The position that the defense is an illegal one is not sound. Any man can give away anything, an account as well as anything else.

We do not feel that we should disturb the verdict on any of the grounds stated in the motion. The trial was a sharp conflict between the parties as witnesses. One side or the other failed to correctly remember or appreciate the arrangement that existed between them. We cannot certainly say that the jury erred.

*Motions and exceptions overruled.*

WALTON, DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.